UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,

                              Plaintiffs,

-against-

A. PARO CONSTRUCTION, LLC and WEST-WINDS CONTRACTING, INC.

                              Defendants.

16 CV _____

**COMPLAINT**

---

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

### NATURE OF THE ACTION

1. This is a civil action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Plaintiffs, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds, formerly the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Northeast Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the Northeast Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21), with the Labor-Management Cooperation being an employer and employee trustee of a labor management cooperation committee established under section 302(c)(9) of the LMRA. The Northeast Funds maintain a place of business at 10 Corporate Park Drive, Suite A, Hopewell Junction, New York 12533.

5. A. Paro Construction, LLC ("A. Paro") is a limited liability company incorporated under the laws of the State of New York. At all relevant times, A. Paro was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. A. Paro maintains its principal place of business at 206 Hughes Road, Amsterdam, New York 12010.

6. West-Winds Contracting, Inc. ("West-Winds") is a limited liability company incorporated under the laws of the State of New York. At all relevant times, West-Winds was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. West-Winds maintains its principal place of business at 206 Hughes Road, Amsterdam, New York 12010.

## FACTS

7. At all relevant times, Defendant A. Paro was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Northeast Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America (the "Union"), a labor organization representing employees in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185(a).

8. The CBA required A. Paro, *inter alia*, to make specified hourly contributions to the Northeast Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

9. The CBA further required A. Paro, *inter alia*, to furnish its books and payroll records when requested by the Northeast Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

10. Furthermore, the CBA provides that, when A. Paro is using subcontractors to perform Covered Work, absent an exception, it is required to use subcontractors who are also parties to the CBA.

11. The Northeast Funds conducted an audit of A. Paro covering February 1, 2014 through September 30, 2015 ("Audit Period"), which revealed a principal deficiency of $234,969.05. That amount remains unpaid as of the date of this Complaint.

12. This principal deficiency arose due to payments of $229,933.77 made from A. Paro to related entity West-Winds to perform Covered Work.

13. Defendants have substantially identical management, business locations, business purpose, operation, equipment, customers, supervision and/or ownership. As a result of the foregoing, a continuity of operations and/or ownership existed between Defendants.

14. At relevant times, Defendants operated out of the same premises, 206 Hughes Road, Amsterdam, New York 12010.

15. At relevant times, Defendants shared the same telephone number, (518) 922-7628.

16. Defendants have employed the same workers to perform carpentry work.

17. Upon information and belief, there was never an arm's length relationship between Defendants.

## FIRST CLAIM FOR RELIEF

18. Plaintiffs repeat the allegations set forth in the preceding paragraphs.

19. Defendants are alter egos of each other and/or constitute a single employer, and are therefore jointly and severally liable for the other's unpaid contributions to the Northeast Funds.

20. A. Paro used West-Winds for the purpose of avoiding A. Paro's contractual and statutory obligations to the Northeast Funds, by having West-Winds perform Covered Work without conforming to the terms of the CBAs.

21. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

22. Defendants contravened both the CBA and section 515 of ERISA by their failure to contribute $234,969.05 to the Northeast Funds in connection with Covered Work performed during the Audit Period.

23. Pursuant to §§ 502 and 515 of ERISA, 29 U.S.C. § 1132 and 1145, the CBA, and the documents and instruments governing the Northeast Funds, the Northeast Funds are entitled to an order directing West-Winds to: (1) submit to an audit of its books and records; and (2) for Defendants to pay all delinquent contributions and other associated liquidated damages, interest, fees, and costs revealed by such an audit or otherwise found to be due and owing to the Northeast Funds.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

1. Award judgment to Plaintiffs against Defendants, jointly and severally, in an amount to be determined at trial, including all delinquent contributions, interest thereon, liquidated damages of 20% of the principal amount of the delinquency, all audit costs incurred by Plaintiffs and all reasonable attorneys' fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit;

2. Order Defendant West-Winds to produce its books and payroll records to the Northeast Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions for the period February 1, 2014 to the present;

3. Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York
       May 10, 2016

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____
Charles Virginia, Esq.
Kara Miller, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
*Attorneys for Plaintiffs*